# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REX F. DARLINGTON, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 10-CV-7451 |
| | : | |
| HIGH COUNTRY ARCHERY, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM AND ORDER**

**Joyner, C.J.**                                              **August 8, 2011**

Before this Court are Defendant High Country Archery's Motion to Dismiss (Doc. No. 4), Plaintiff Rex F. Darlington's response in opposition thereto (Doc. No. 5), and Defendant's reply in further support thereof (Doc. No. 8.) For the reasons set forth in this Memorandum, the Court denies the Motion to Dismiss but transfers the case to the United States District Court for the Eastern District of Tennessee.

## I.  BACKGROUND

In 2007, High Country Archery, Inc., ("Old HCA") filed a patent-infringement suit against Rex F. Darlington and his company, Darton Inc., in the United States District Court for the Eastern District of Tennessee. Darlington and Darton denied that they had infringed Old HCA's patent and filed a counterclaim against Old HCA, alleging that Old HCA was infringing Patent No. 6,990,970 ("the '970 patent"). (Mot. Ex. A, Doc. No. 6-1.) The

1

parties in that case eventually filed a Stipulation of Dismissal Without Prejudice of All Claims, which included a forum selection clause for any future litigation:

> The parties further stipulate and agree that if either party brings a subsequent action relating to any claim brought herein, such action shall be filed and prosecuted only in the Eastern District of Tennessee and they agree that this Court shall have in personam jurisdiction over the parties in any such action within its subject matter jurisdiction. This stipulation is binding upon the parties hereto and their respective employees, officers, directors, agents, attorneys, successors, and assigns and all entities which directly or indirectly control or are controlled by either of the parties.

(Mot. Ex. B, Doc. No. 6-2.) Old HCA then declared bankruptcy, dissolved, and sold its assets to Hunters Heritage Group, LLC, a Tennessee company owned and operated by the son of one of Old HCA's principals. (Mot. Mem. 2, Doc. No. 4-1; Resp. 1-2, Doc. No. 5.) Hunters Heritage Group, LLC, uses the name "High Country Archery" in its business. (Id.)

In December 2010, Darlington filed the present action for patent infringement against High Country Archery ("New HCA") in the United States District Court for the Eastern District of Pennsylvania. (Compl., Doc. No. 1.) At issue once again is the alleged infringement of the '970 patent. (Id.) New HCA moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3), arguing that the Stipulation of Dismissal from the earlier lawsuit rendered this district an improper venue. (Doc. No. 4.)

## II. GOVERNING LAW AND STANDARD OF REVIEW

A defendant may move to dismiss a claim against it for improper venue pursuant to Federal Rule of Civil Procedure

2

12(b)(3). "[W]hether venue is proper is determined by the federal venue statute, not the existence of a forum selection clause," Jordan Acquisitions Group LLC v. Adam Techs., Inc., No. 09-0542, 2009 U.S. Dist. LEXIS 70765, at *12-13 (W.D. Pa. Aug. 11, 2009) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 28-29 & n.8 (1988)), and the defendant bears the burden of proving that venue is improper. Myers v. Am. Dental Ass'n, 695 F.2d 716, 724-25 (3d Cir. 1982).

If venue is proper but a forum selection clause points to another venue, a court may dismiss the claim pursuant to a 12(b) motion. See Salovaara v. Jackson Nat'l Life Ins. Co., 246 F.3d 289, 298 & n.6 (3d Cir. 2001) (per curiam) ("There is much disagreement over whether dismissal (where appropriate) should be made pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), or 12(b)(6). . . . . Crescent [International, Inc. v. Avatar Communities, Inc., 857 F.2d 943 (3d Cir. 1988) (per curiam),] leaves no doubt that a 12(b)(6) dismissal is a permissible means of enforcing a forum selection clause that allows suit to be filed in another federal forum."). Nonetheless, "as a general matter, it makes better sense, when venue is proper but the parties have agreed upon a not-unreasonable forum selection clause that points to another federal venue, to transfer rather than dismiss." Id. at 299. 28 U.S.C. § 1404(a) governs such a transfer. Id. at 297-98 (citing Stewart Org., 487 U.S. at 32).

3

## III.  DISCUSSION

Venue in a patent-infringement case is governed by 28 U.S.C. § 1400(b), which provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  Though New HCA states that its motion for dismissal is based on Darlington's selection of a purportedly improper venue, New HCA does not argue–and certainly has not met its burden of proving–that venue is improper under § 1400(b) or any other federal venue statute.  Rather, the substance of the motion is that the forum selection clause should prevent suit in this district.

Under federal law,

> [f]orum selection clauses are deemed presumptively valid and will be enforced by the forum unless the party objecting to its enforcement establishes that: (1) it is the result of fraud or overreaching; (2) enforcement would violate a strong public policy of the forum; or (3) enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable.

Hall v. Ski Shawnee, Inc., No. 06-0275, 2006 U.S. Dist. LEXIS 72741, at *5-6 (E.D. Pa. Oct. 4, 2006); see also Jumara v. State Farm Ins. Co., 55 F.3d 873, 880 (3d Cir. 1995) ("Where the forum selection clause is valid, which requires that there have been no 'fraud, [undue] influence, or overweening bargaining power,' the

4

plaintiffs bear the burden of demonstrating why they should not be bound by their contractual choice of forum." (quoting The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12-13 (1972)). There is no suggestion that the forum selection clause in this case was the product of fraud or overreaching, that it would violate public policy, or that it is otherwise unreasonable. Thus, the Court finds it valid and enforceable, and the question is simply whether it applies to Darlington's claim against New HCA.

The forum selection clause states that it is binding on, among other persons, "successors" and "assigns" of either party to the Stipulation. Black's Law Dictionary includes in its definitions of the various kinds of "successors" "[o]ne who succeeds to the assets of a corporation upon its dissolution." (9th ed. 2009.) It defines an "assign" or "assignee" as "[o]ne to whom property rights or powers are transferred by another." Id. Similarly, the verb "assign" means to "convey," and to "convey" is to "transfer or deliver (something, such as a right or property) to another, esp. by deed or other writing." Id.

Darlington not only acknowledges that "New HCA . . . bought the assets of Old HCA out of bankruptcy," (Resp. 3), but further alleges that these very assets are the subject of both suits. (See Compl. ¶ 7 ("High Country Archery, Inc. [Old HCA] previously sold the same or similar infringing products that Defendant [New HCA] is currently selling . . . ." (emphasis added).) Moreover,

5

Darlington asserts that "the claims in [the previous] lawsuit were withdrawn because Old HCA was on the verge of bankruptcy." (Resp. 2.) That the parties would nonetheless include language in the Stipulation explicitly binding "successors" and "assigns" thus detracts from Darlington's argument that the parties did not contemplate the Stipulation's applying to entities such as New HCA that would buy Old HCA's assets. The Court finds the forum selection clause applicable to the present suit.

As noted supra, a court that has found a forum selection clause valid, enforceable, and applicable may transfer the case to the stipulated venue under 28 U.S.C. § 1404(a) rather than dismiss the case. See also Jordan Acquisitions, 2009 U.S. Dist. LEXIS 70765, at *19 (transferring); Hall, 2006 U.S. Dist. LEXIS 72741, at *11 ("Generally, transfer to the proper forum is preferable to outright dismissal because it avoids repetitive motion practice and unnecessary costs.").

A motion to transfer is not a prerequisite to transfer under § 1404(a). See Salovaara, 246 F.3d at 299 ("[T]here is nothing in Crescent that precludes a district court, faced with a Rule 12 motion based on a forum selection clause, from considering § 1404 factors to determine whether transfer is the better course."); Jumara, 55 F.3d at 883 (transferring the case sua sponte based on § 1404(a) factors including the existence of a forum selection clause); Baez v. Prison Health Servs., Inc., No. 06-4923, 2009

6

U.S. Dist. LEXIS 78149, at *9 (E.D. Pa. Aug. 27, 2009) ("[E]ven if venue is proper, the Court may, upon motion or sua sponte, transfer the action or a part of the action . . . .").

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In deciding whether to transfer under § 1404(a), courts consider numerous factors,

> includ[ing] such private interests as the plaintiff's forum preference as manifested in the original choice, the defendant's preference, whether the claim arose elsewhere, the convenience of the parties as indicated by their relevant physical and financial condition, the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and the location of books and records. Additionally, such public interests as the enforceability of the judgment, the relative administrative difficulty in the two fora resulting from court congestion, the local interest in deciding local controversies at home and the familiarity of the trial judge with the applicable state law in diversity cases [are considered].

Siegel v. Homestore, Inc., 255 F. Supp. 2d 451, 456 (E.D. Pa. 2003) (citing Jumara, 55 F.3d at 879).

"Within this framework, a forum selection clause is treated as a manifestation of the parties' preferences as to a convenient forum." Jumara, 55 F.3d at 880. "Although the parties' agreement as to the most proper forum should not receive dispositive weight, it is entitled to substantial consideration."

7

Id. (citations omitted). "Thus, while courts normally defer to a plaintiff's choice of forum, such deference is inappropriate where the plaintiff has already freely contractually chosen an appropriate venue." Id. Consequently, when a forum selection clause is valid, "the plaintiffs bear the burden of demonstrating why they should not be bound by their contractual choice of forum." Id.

Considering all the factors,[1] the Court concludes that Darlington should be bound by his stipulated choice of forum. Thus, the case should be transferred to the United States District Court for the Eastern District of Tennessee.

## IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss is denied but the case is transferred to the United States District Court for the Eastern District of Tennessee pursuant to 28 U.S.C. § 1404(a).

---

[1] The private factors weigh heavily in favor of transfer: Most significantly, Plaintiff previously stipulated to venue in the Eastern District of Tennessee. Additionally, Plaintiff is not a resident of this district, and Defendant's principal place of business is alleged to be in Tennessee. (Compl. ¶¶ 4-5.) While the Complaint alleges that the infringing products are being made, sold, or used in this district, (id. ¶ 6), there is no indication that witnesses would be unavailable in Tennessee or that records could not be presented there. Indeed, Plaintiff previously litigated similar if not identical claims in the Eastern District of Tennessee, and Defendant wishes to do so now.

As for the public factors, the scales are evenly balanced. For example, there is no indication that the docket is more congested, that the judgment could not be enforced as easily, or that federal patent law could not be interpreted and applied as capably in one of the districts.